IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Claire A. Stonestreet, et al.,            Case No. 3:16CV1123

     Plaintiffs

     v.                                           **ORDER**

Con-Way Truckload, Inc., et al.,

     Defendants

     This is a wrongful-death case arising from a fatal accident on the Ohio Turnpike.

     On Valentine's Day, 2015, plaintiff Santosh Misra and his wife, Margaret, were traveling west on the Turnpike. (Doc. 1 at ¶13). While Santosh and Margaret "were stopped," defendant Con-Way Truckload Inc., and/or defendant XPO Logistics Truckload "failed to assure clear distance[,] striking the rear of the Misra's [*sic*] vehicle." (*Id.* at ¶14).

     Thereafter, defendant United Parcel Service (UPS) also "failed to assure clear stopping distance striking the rear of the Conway/XPO vehicle or truck." (*Id.* at ¶15). Finally, defendant Stoughton Trucking, Inc. "failed to assure clear stopping distance striking the rear of the UPS vehicle or truck." (*Id.* at ¶16). Margaret did not survive the crash.

     Santosh and the executor of Margaret's estate, Claire Stonestreet, brought this negligence action against Con-Way, XPO, UPS, and Stoughton. After plaintiffs filed their complaint, Con-Way and XPO each filed negligence cross-claims against UPS and Stoughton. (Docs. 22, 23).[1]

---

[1] Con-Way and XPO filed counterclaims alleging Santosh was negligent for violating the assured-clear-distance rule, but the viability of these claims is not currently at issue.

Jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

Pending are UPS's and Stoughton's motions to dismiss the complaint for failure to state a claim (Docs. 19, 21), UPS's motions to dismiss Con-Way's and XPO's cross-claims (Docs. 34, 35), and Stoughton's motions to dismiss Con-Way's and XPO's cross-claims (Docs. 38, 39).

For the following reasons, I deny the motions to dismiss.

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## Discussion

### A. Plaintiffs' Negligence Claim Against UPS and Stoughton

"To maintain a wrongful death action on a theory of negligence, a plaintiff must show (1) the existence of a duty owing to plaintiff's decedent, (2) a breach of that duty, and (3) proximate cause between the breach of duty and death." *Bailey v. U.S.*, 115 F. Supp. 3d 882, 889 (N.D. Ohio 2015).

UPS and Stoughton argue that plaintiffs have not plausibly alleged either that they breached a duty of care or that, when their trucks rear-ended the vehicles ahead of them, those collisions played some role in proximately causing Margaret's death. (Doc. 19–1 at 6).

2

It is true, as the defense observes, that plaintiffs have not pleaded detailed facts beyond their contention that the defendants' failure to maintain an assured clear distance was negligent. But they were not required to do so to survive the defendants' motions.

The complaint paints a picture of four trucks and one car traveling on the Turnpike and becoming entangled in a pile-up crash. The circumstances suggest that the vehicles were traveling in reasonably close proximity to one another, and that, after the plaintiffs' vehicle "stopped," the four trucks crashed into either the Misras' car or another truck.

Two inferences – though by no means the only inferences – I can draw from these circumstances are that defendants failed to maintain sufficient distance between themselves and the vehicle ahead, and that, had they done otherwise, no crash would have occurred. Indeed, these inferences square perfectly well with the rule of Ohio law that failing to maintain an assured clear distance is negligence *per se*. *E.g.*, *Kamerer v. Bradcovich*, 2016 WL 4154894, *4 (S.D. Ohio). That being so, alleging such a violation suffices to meet the requirement that plaintiffs allege a plausible claim of negligence.

Indeed, what more could they allege? There is no reason to believe Santosh saw the trucks coming, as presumably he was looking ahead, not behind. He has no way of knowing what any of the drivers were doing, or how fast they were traveling, before each crashed into the vehicle ahead of them. To dismiss the complaint at this point on the basis of insufficiency of detail would be a completely unjustified application of the *Iqbal*/*Twombly* doctrine on which defendants so heavily rely.

Likewise, plaintiffs' complaint plausibly suggests that UPS's and Stoughton's alleged negligence proximately caused Margaret Misra's death.

Again, that this was a multi-vehicle collision among five vehicles is what matters. Although the UPS and Stoughton trucks were at the end of the four-truck chain that rear-ended the plaintiffs' car, it is not implausible to think that those latter collisions proximately played a role in Margaret's death.

UPS's and Stoughton's responsibility in this case is a question of fact, not one of law that I can resolve a 12(b)(6) motion. I therefore deny the motions to dismiss.

### B. Con-Way's and XPO's Cross-Claims Against UPS

Con-Way and XPO have each brought an identical cross-claim against UPS.

The gist of these claims is that UPS was negligent in failing to maintain an assured clear distance between its truck and XPO's truck. That alleged negligence, the defendants maintain, caused the collision between the UPS and XPO trucks, which collision then proximately caused Margaret Misra's death. (Doc. 22 at 8; Doc. 23 at 8).

Con-Way and XPO seek indemnification and/or contribution from UPS.

UPS contends these claims, which have expressly incorporated by reference the plaintiffs' negligence claim, are implausible. It contends that, just as plaintiffs' negligence claim fails to state a claim on which relief can be granted, so do Con-Way's and XPO's claims.

This argument lacks merit.

As I have already held, the complaint plausibly alleges that all of the defendants, traveling in reasonable proximity to one another, did not maintain an assured clear distance between their respective vehicles, such that, when plaintiffs' vehicle came to a stop, a multi-car pile-up ensued.

Given the nature of the crash and the substance of plaintiffs' complaint and the cross-claims, I cannot say "no relief could be granted under any set of facts that could be proved consistent with

the allegations." *Gausmann v. City of Ashland*, 926 F. Supp. 635, 638 (N.D. Ohio 1996). Accordingly, I deny UPS's motions to dismiss

### C. Con-Way's and XPO's Cross-Claims Against Stoughton

Con-Way's and XPO's cross-claims against Stoughton are essentially identical to the cross-claims against UPS: Stoughton failed to maintain an assured clear distance between its truck and the UPS truck, and this collision contributed to or proximately caused Margaret's death.

Stoughton, in turn, seeks dismissal of these claims on more or less the same grounds that UPS unsuccessfully urged. I reject those arguments again.

Stoughton makes the additional contention that, because plaintiffs "failed to plead any facts describing Stoughton's purported nexus with Plaintiffs," the cross-claims, which incorporated by reference plaintiffs' negligence claim, are implausible.

I disagree. As noted above, plaintiffs have plausibly alleged that the later collisions in this multi-collision pile-up were at least one proximate cause of Margaret's death. That being the case, I will deny Stoughton's motions to dismiss the cross-claims.

### Conclusion

It is, therefore,

ORDERED THAT the defendants' motions to dismiss (Docs. 19, 21, 34, 35, 38, 39) be, and the same hereby are, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge